IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **REGINALD LYONS, #40205** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25cv758 |
| | § | |
| **THOMAS COLE, ET AL.** | § | |

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff Reginald Lyons filed a civil rights action pursuant to 42 U.S.C. § 1983. The action was assigned to the undersigned in accordance with the Standing Order Assigning Prisoner Civil Rights Cases Filed in the Sherman Division to a Magistrate Judge. (Dkt. #2). Plaintiff consented to have a magistrate judge conduct all proceedings. (Dkt. #6).

**I. BACKGROUND**

Plaintiff filed his original complaint against Defendant Thomas Cole. (Dkt. #1). He alleged that Sheree Hutchings, the mother of his child, tested positive for methamphetamine, barbiturates, and THC at the time of the child's birth and that these drugs "were found in [the infant's] system." *Id.* at 4. Plaintiff alleged that Hutchings admitted to a CPS investigator that she used drugs daily with Cole, her roommate, and that Cole "encourage[d]" Hutchings "to use upon her delivery." *Id.* The court issued an Order, noting that, based on the facts alleged, Defendant Cole is a private individual and not a state actor such that Plaintiff failed to allege a § 1983 claim against him and likewise failed to establish jurisdiction under § 1983. (Dkt. #9 at 2). The court also noted that Plaintiff's factual allegations did not show that anyone had violated his constitutional rights or that he had been harmed by anyone violating his constitutional rights. *Id.* at 1. The court gave Plaintiff an opportunity to amend his complaint to cure the deficiencies—that is, provide enough facts to plausibly allege a claim over which the court has jurisdiction—and thus show the court that this

1

case should not be dismissed. Plaintiff filed an amended complaint (Dkt. #10) but did not submit his claims on the standard § 1983 form. Therefore, the court ordered Plaintiff to file an amended complaint on the standard § 1983 form. (Dkt. #11).

Plaintiff has now filed an amended complaint on the standard § 1983 form. (Dkt. #12). Plaintiff again names Thomas Cole, in addition to Sheree Hutchings, as Defendants. The Statement of Claim provides:

> On June 12, 2025, I was informed by master investigator Justin Redding (CPS) I had a newborn baby girl: the mother [Defendant Hutchings] had tested positive for methamphetamine, amphetamine, TDC, barbiturates. . . . Ms. Hutchings stated the home where she was living at was with her adoptive brother, she identified as Ross Cole. She stated Mr. Cole was using methamphetamine daily in the home and initially stated it was the first exposure that caused the first positive. Sheree Hutchings . . . admitted to daily use for nearly the past year, with her most recent use being two days prior to delivery. Thomas Cole['s] home is a meth lab/home where he cooks it all the time. And Thomas Cole was sharing, encouraging, getting high with a pregnant woman in his household.

*Id.* at 4–5 (cleaned up). Plaintiff states that he has suffered "emotional distress physically [and] mentally [and] emotionally" and "tremendous[] pain [and] suffering." *Id.* at 5. He alleges that he was "so stressed out" hearing his daughter's "constant crying" from withdrawal of the drugs. *Id.* Plaintiff seeks damages from both Defendants in the amount of $120,000. *Id.*

## II. DISCUSSION

"Jurisdiction is the power to say what the law is." *United States v. Willis*, 76 F.4th 467, 479 (5th Cir. 2023). So, consideration of "jurisdiction is always first." *Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) (cleaned up). And, because "federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute," *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (cleaned up), "subject-matter delineations must be policed by the courts on their own initiative even at the highest level," *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

The federal courts' jurisdiction is limited, and they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331 & 1332.

To the extent that Plaintiff intends to establish federal question jurisdiction under § 1331 by contending that Defendants violated the Constitution, "[a] plaintiff makes out a § 1983 claim if he 'shows a violation of the Constitution or of federal law, and then shows that the violation was committed by someone acting under color of state law.'" *Rich v. Palko*, 920 F.3d 288, 293–94 (5th Cir. 2019) (cleaned up) (quoting *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008)).

Plaintiff's amended complaint fails to assert violations of the Constitution or of federal law. Instead, Plaintiff asserts claims against Defendants for "child abuse," "neglectful supervision," and "physical abuse to an infant." (Dkt. #12 at 3). Plaintiff's factual allegations do not show that Defendants have violated his constitutional rights or that he has been harmed by Defendants violating his constitutional rights. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (stating that in order for a plaintiff to bring a lawsuit under § 1983, he must allege a violation of a right secured by the Constitution and laws of the United States); *Maine v. Thiboutot*, 448 U.S. 1 (1980) (stating that a civil rights plaintiff must allege a deprivation of a federally protected right to set forth a *prima facie* case); *Williams v. Treen*, 671 F.2d 892, 900 (5th Cir. 1982) (same).

Furthermore, § 1983 provides a remedy for the deprivation of a constitutional right by a state actor or someone acting under color of state law. *See West*, 487 U.S. at 48. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam) (quoting *West*, 487 U.S. at 49); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922,

937 (1982) (stating that a plaintiff may satisfy the "under color of state law" requirement of § 1983 by proving that the conduct causing the deprivation is fairly attributable to the State). Therefore, where a complaint cites § 1983 or the Constitution, or includes allegations plausibly related to either, but a plaintiff's facts do not demonstrate that a defendant acted under color of state law, a plaintiff cannot establish subject matter jurisdiction under § 1331. *See Mitchell v. Clinkscales*, 253 F. App'x 339, 340 (5th Cir. 2007) (per curiam) ("[A]lthough Mitchell argues that Clinkscales is liable under 42 U.S.C. § 1983, Mitchell does not allege facts demonstrating that Clinkscales acted under color of state law; thus, Mitchell failed to plead and establish subject-matter jurisdiction based on the existence of a federal question. The district court was required to dismiss the complaint." (citation omitted)).

Here, the court may reasonably infer from the facts alleged that Defendants are private individuals and not state actors such that Plaintiff fails to allege a § 1983 claim against them and likewise fails to establish jurisdiction under § 1983. *See Vaughns v. Pittman*, No. 3:24-CV-2123-S-BN, 2024 WL 4375798, at *2 (N.D. Tex. Aug. 28, 2024), *report and recommendation adopted*, No. 3:24-CV-2123-S-BN, 2024 WL 4376310 (N.D. Tex. Oct. 2, 2024).

Finally, Plaintiff has not established diversity jurisdiction under § 1332 where the amended complaint includes allegations that raise a reasonable inference that Plaintiff's citizenship is not diverse from each Defendant's citizenship. *See id.* at *3.

### III. CONCLUSION AND ORDER

It is accordingly **ORDERED** that the case is **DISMISSED** without prejudice for lack of jurisdiction.

**SIGNED this 10th day of November, 2025.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE

4